UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAY D. BRISTER**         : | **DOCKET NO. 17-cv-1148** |
| DOC # 383050 | | **SECTION P** |
| **VERSUS**         : | **UNASSIGNED DISTRICT JUDGE** |
| **ALDON ROBINSON, ET AL.**         : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 7] filed pursuant to 42 U.S.C. § 1983 by plaintiff Ray D. Brister, who is proceeding *pro se* and *in forma pauperis* in this matter. Brister is a pretrial detainee and is currently incarcerated at Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. *See* doc. 7, p. 2. However, his complaint relates to events that occurred while he was making an appearance at the Jefferson Davis Parish Courthouse in Jennings, Louisiana. Docs. 1, 7.

### I.
#### BACKGROUND

Brister states that, while being held in a courtroom in Jefferson Davis Parish on February 10, 2017, with other inmates, he got up to throw away some trash. Doc. 7, p. 3. On returning to his seat, he claims, he tripped over his leg shackles, pushed off of another inmate to break his fall, then spun around and hit his back on a bench before falling to the floor. *Id.* At the direction of Warden Locke, Officer Aldo Robinson came to check him out and did not believe Brister's claims that he was in too much pain to get up from the floor. *Id.* at 5. Robinson, Brister stated, then jerked him off the floor, "causing me to scream and holler even more than I already was." *Id.* When the

EMTs arrived, Brister claims that they put a neck brace on him and said that he should not have been moved without one. *Id.* He also asserts that they told him his blood pressure was high, and that they had placed him on a gurney to take him to the hospital but that Robinson told the EMTs that the parish was going to refuse medical attention because "he felt like nothing was wrong with me and that I was only trying to get out of jail free [because] I was in jail for [a] murder charge."[1] *Id.* He alleges that Robinson called Locke to the scene and removed his neck brace, and that Robinson and Locke pulled him off the gurney and told him he would have to get checked out when he returned to CPCF. *Id.* at 5–6. Brister claims that these actions caused more pain to his lower back and legs. *Id.*

Brister alleges that he continues to experience pain and impairment, even though the doctor at CPCF examined him and stated that he was just bruised. *Id.* Accordingly, he asks for monetary damages and for the Jefferson Davis Sheriff's Department to be "penalized." *Id.* at 4.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Brister has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be

---

[1] Brister states that Robinson might have been trying to save the parish money by refusing him treatment. *Id.* at 6. He also alleges that Robinson acted out of personal animus, as he states that he and Robinson are cousins and that he is on pretrial detention for a charge relating to the killing of another cousin. *Id.*

granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Application

#### 1. *Improper parties*

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, Brister's claims against the Jefferson Davis Sheriff's Department fail to state a claim on which relief may be granted and

must be dismissed. If Brister wishes to hold another entity responsible on these claims, he may amend his complaint to say so.

### 2. *Denial of medical care*

Under the Fourteenth Amendment, pretrial detainees have a right have their basic needs, including medical care, met while they are in the state's custody. *Estate of Henson v. Krajca*, 440 Fed. App'x 341, 343 (5th Cir. 2011) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996)). In this circuit, the legal standard applicable to the detainee's rights depends on whether the detainee is alleging an unconstitutional condition of confinement or challenging an episodic act or omission of an individual official. *See Hare*, 74 F.3d at 644–45.

Here it appears that Brister intends to raise claims against the Jefferson Davis Parish defendants based on denial of medical care, flowing from the episodic acts or omissions of individual jail officials.[2] Accordingly, he is required to show that the defendant officials had "subjective knowledge of a substantial risk of serious harm" to him and responded with deliberate indifference. *Id.* at 650. To establish deliberate indifference, the plaintiff must show that the official knew of and disregarded an excessive risk to inmate health and safety. *Farmer v. Brennan*, 114 S.Ct. 1970, 1977–79 (1994); *Hare*, 74 F.3d at 648–49 (applying *Farmer* standard to pretrial detainee's claim relating to an episodic act). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (quoting *Farmer*, 114 S.Ct. at 1980).

---

[2] Although Brister mentions a doctor at CPCF and his dissatisfaction with that individual's treatment/disagreement with his assessment, he does not name him as a defendant in this matter. Accordingly, we view Brister's claims as limited to the allegations made against Locke and Robinson. Nor do we discern a retaliation claim against Robinson, despite the animus allegation, as Brister has not alleged that the denial of medical care followed some attempt on his part to exercise a constitutionally protected right. *See McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998) (setting forth elements of a retaliation claim).

Brister's claims do not meet this standard, as he has admitted that the doctor at CPCF examined him and found him to be only bruised. Accordingly, he has not shown that the prison officials' actions at the Jefferson Davis Parish Courthouse resulted in his medical needs going unmet, as it does not appear that he required emergency care after all, let alone that they were reflective of deliberate indifference. Should he wish to proceed with this suit, he should amend his complaint to explain how the interruption of his care by the EMTs resulted in the aggravation of his condition, and show that both Locke and Robinson were aware of facts that made their interference with his medical care reflective of their deliberate indifference to a substantial risk of serious harm.

### 3. *Request for relief*

Brister has requested that the Jefferson Davis Parish Sheriff's Office be "penalized." As stated above, this defendant is not a proper party to the suit and his claims against it must be dismissed. Should Brister attempt to make such a request against any other party to this suit, however, he must amend to state clearly what he means. If he is requesting injunctive relief, he should be aware that it is well settled that such claims become moot upon transfer from the offending institution. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). As Brister is not in the custody of the actors complained of here, he cannot show a right to injunctive relief and any such request would be dismissed as frivolous.

## III.
### CONCLUSION

Brister's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Brister at his last address on file.

**IT IS ORDERED** that Brister amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Brister is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE this 17th day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE