UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAY D. BRISTER** | : | **DOCKET NO. 17-cv-1149** |
| **DOC # 383050** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **ALDON ROBINSON, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an amended civil rights complaint [doc. 14] filed pursuant to 42 U.S.C. § 1983 by Ray D. Brister, who is proceeding *pro se* and *in forma pauperis* in this matter. Brister is a pretrial detainee and is currently incarcerated at Concordia Parish Correctional Facility in Ferriday, Louisiana. However, he complains of events that occurred while he was making an appearance at the Jefferson Davis Parish Courthouse in Jennings, Louisiana. Docs. 1, 7.

The factual background to this case is provided in our previous order. *See* doc. 13. We ordered Brister to amend his previous complaint to correct deficiencies therein, warning him in relevant part that he must show deliberate indifference to serious medical needs in order to hold the defendants liable under 42 U.S.C. § 1983. *Id.* at 4–5. Brister has responded to that order, but his amended complaint does not cure the deficiencies in his constitutional claims.

As we noted, Brister is required to show that the defendant officials had a "subjective knowledge of a substantial risk of serious harm" to him and responded with deliberate indifference. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650. To establish deliberate indifference, a plaintiff must show that the official knew of and disregarded an excessive risk to inmate health and safety. *Farmer v. Brennan*, 114 S.Ct. 1970, 1977–79 (1994); *Hare*, 74 F.3d at 648–49 (applying *Farmer*

standard to pretrial detainee's claim relating to an episodic act). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (quoting *Farmer*, 114 S.Ct. at 1980).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered does not show deliberate indifference. *Id.* at 292. In *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981), the Fifth Circuit stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not desirability. The fact that a plaintiff continues to suffer pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

Brister alleges that defendants Robinson and Locke prevented him from obtaining emergency care after he fell at the courthouse, and told him he would instead have to see the doctor when he returned to CPCF. Doc. 7, pp. 5–6; doc. 14, pp. 1–2. He states that the doctor at CPCF told him he was only bruised but maintains that he continues to suffer back pain and shooting pain in his legs and that sometimes his right leg gives out on him. Doc. 7, p. 6; doc. 14, pp. 1–2.

Brister's allegations fail to show that a need for emergency care was indicated for his injuries.[1] Therefore he cannot show that Locke and Robinson knew of and disregarded any substantial risk of harm to him by making him delay care until his return to CPCF. If anything, he appears to disagree with the treatment offered upon his return to CPCF, though he does not name any personnel from that facility as defendants.

---

[1] Brister mentions that Robinson caused him pain when he moved him off the floor, causing the EMT to admonish Robinson for moving Brister without a neck brace. Doc. 7, p. 5. He also alleges that Locke and Robinson caused him more pain when they moved him off of the gurney. *Id.* However, he does not allege that they acted deliberately or recklessly, such that we might view this as a separate Eighth Amendment violation, or that these actions exacerbated his injuries in such a way as to indicate that emergency care was required. Brister makes no mention of these events in his amended complaint. *See* doc. 14.

Accordingly, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 31st day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE